IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS


**EDWARD NEWSON, III,**

                              **Petitioner,**

                **v.**                                                  CASE NO. 13-3187-SAC

**ATTORNEY GNEERAL OF KANSAS,**

                              **Respondent.**


                          **MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 22254. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

*Background*

    Petitioner was convicted in 1991 pursuant to his guilty plea. In 1996, his suspended sentence was revoked, a term of 5-20 years was imposed, and probation was granted. His probation was revoked the following year, and he was ordered to serve the underlying sentence.

    Petitioner filed a post-conviction action pursuant to K.S.A. 60-1507 in 1997. In 1999, he filed several motions to correct his sentence, contending the sentence imposed violated the plea agreement, which contemplated a 3-10 year sentence. The Kansas Court of Appeals rejected this claim. *State v. Newson*, 87 P.3d 993 (Table), 2004 WL 835858 (Kan.App.)(unpublished opinion), *rev. denied*, 278 Kan. 850 (2004)["Newson I"].

    Shortly after that decision, petitioner filed a new motion to modify the sentence, which was denied.[1] It does not appear that

---

[1] This motion is referenced in *State v. Newson*, 2012 WL 5519177 at *2, and does not appear in the petition.

petitioner filed any additional motion until November 16, 2010, when he filed a motion to correct illegal sentence and a "motion for order of nunc pro tunc". The district court summarily rejected the motion, and the Kansas Court of Appeals affirmed the decision. *State v. Newson*, 288 P.3d 159 (Table)(Kan.App. 2012), *rev. denied* (Aug. 29, 2013)["Newson II"].

*Screening*

The federal courts are to review habeas corpus petitions promptly and must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. A district court is "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). But "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 at 210. Finally, when a district court sua sponte considers the timeliness of a petition, it must "assure itself that the petitioner is not significantly prejudiced…and determine whether the interest of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id*.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for filing an application pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). Generally, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Because petitioner's conviction was imposed prior to the April 24, 1996,

enactment of the AEDPA, he is among those prisoners granted a one-year grace period, until April 24, 1997, to seek habeas relief. *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998).

The one-year limitation period is subject to statutory tolling during the pendency of a properly filed application for state post-conviction or other collateral review. § 2244(d)(2).

The limitation period also is subject to equitable tolling "in rare and exceptional circumstances". *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(quotations omitted). Otherwise, petitioner can avoid the time bar of the one-year period only by showing his actual innocence, *McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S.Ct. 1924, 1931 (2013) or that he diligently pursued a judicial remedy but due to extraordinary circumstances beyond his control, he was prevented from meeting deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

While the information before the court is incomplete, upon the present record, it appears that more than one year elapsed between the resolution of the motion filed shortly after the 2004 denial of review in Newson I and the 2010 motion filed by petitioner that was considered in Newson II. If so, this matter is time-barred unless petitioner establishes a basis for equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED respondent is granted to and including November 29, 2013, to file a response addressing the timeliness of this petition.

IT IS FURTHER ORDERED petitioner is granted twenty (20) days following receipt of the response to file a reply.

A copy of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 30th day of October, 2013, at Topeka, Kansas.



                                      S/ Sam A. Crow
                                      SAM A. CROW
                                      U.S. Senior District Judge